IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ABS-CBN CORPORATION, ABS-CBN FILM PRODUCTIONS, INC. d/b/a STAR CINEMA, and ABS-CBN INTERNATIONAL,<br><br>    Plaintiffs,<br><br>V.<br><br>ALBERTO ACE MAYOL ALFARO a/k/a ACE ALFARO,<br><br>    Defendant. | §§§§§§§§§§§§§§<br><br>CASE NO. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "ABS-CBN" or "Plaintiffs"), hereby sue defendant Alberto Ace Mayol Alfaro a/k/a Ace Alfaro, an individual ("Defendant"), and respectfully allege as follows:

**I. INTRODUCTION**

1. This is an action for the unauthorized use and publication of communications services in violation of 47 U.S.C. § 605(a) among others. In short, Defendant is engaged in a scheme to, among other things, promote and sell modified and/or illegal devices and equipment for the unlawful purpose of capturing ABS-CBN's communications of television programming and rebroadcasting such programming, without ABS-CBN's authorization, to customers who purchase these devices and equipment to unlawfully access ABS-CBN's programming from Defendant (the "Pirate Equipment" and/or "Pirate Services").

1

2. As indicated above, this lawsuit involves the unlawful importation, modification, advertisement, promotion, offering for sale, sale, distribution, possession, trafficking, and/or use of Pirate Equipment designed to access ABS-CBN's protected communications and circumvent ABS-CBN's technological access control measures, ultimately allowing for the free viewing of ABS-CBN's copyrighted content. Federal and state law prohibits the devices, equipment, and technology in question. Accordingly, ABS-CBN brings this lawsuit seeking damages and injunctive relief against Defendant for (1) the sale, distribution, trafficking, assembly, modification, and possession of illegal devices, equipment, and technology; and (2) unauthorized access to ABS-CBN's communication signals.

## II. JURISDICTION AND VENUE

3. This action seeks damages and injunctive relief for the unauthorized reception of communications services, and the sale of illegal devices designed to unlawfully intercept and allow access to such services, under 47 U.S.C. § 605(a) and (e)(4), and The All Writs Act, 28 U.S.C. § 1651(a) (collectively the "Federal Claims"), and Section 134.002 of the Texas Civil Practice & Remedies Code, which incorporates Section 31.12 of the Texas Penal Code (the "State Claim").

4. Accordingly, this Court has subject matter jurisdiction over the Federal Claims under 28 U.S.C. § 1331 and 47 U.S.C. § 605(e)(3)(A). This Court has supplemental jurisdiction over the State Law Claim under 28 U.S.C. § 1367 because the claim is so related to the other claims in this action, over which this Court has original jurisdiction, that it forms part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the alleged unlawful conduct occurred within the Southern District of Texas

("District"), and Defendant, upon information and belief, resides and conducts business within this District.

6. Personal jurisdiction exists over Defendant because Defendant, upon information and belief, resides and conducts business in this District, and further avails himself of the privileges and protections of the laws of the State of Texas, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

### III.  THE PARTIES

7. Plaintiff ABS-CBN Corporation is a public corporation organized under the laws of the Republic of the Philippines (the "Philippines") with its principal place of business in Quezon City, Philippines. Plaintiff ABS-CBN Film Productions, Inc. is a wholly-owned subsidiary of ABS-CBN Corporation, and is a corporation organized under the laws of the Philippines with its principal place of business in Quezon City, Philippines.

8. Plaintiff ABS-CBN International is a corporation organized under the laws of the State of California, and is a wholly-owned subsidiary of ABS-CBN Corporation with its principal place of business located at 150 Shoreline Drive, Redwood City, California 94065.

9. Defendant Alberto Ace Mayol Alfaro [a/k/a Ace Alfaro] is an individual, who, upon information and belief, resides at 9906 Papyrus Rush Court, Conroe, Texas 77385, and conducts business within this District.

10. Upon information and belief, Defendant has actively participated in the wrongful conduct described herein within this District.

## IV. COMMON FACTUAL ALLEGATIONS

### A. Plaintiffs' Services

11. ABS-CBN is the largest media and entertainment company in the Philippines. With its twelve large production studios, ABS-CBN produces over 2,430 hours of original content every year for its numerous television stations, including daily drama teleseries, drama anthologies, movies, musical and variety shows, game shows, reality shows, news programs, current affairs programs, documentaries, music video 24/7 (Myx), AM talk radio with DJ live on-screen (DZMM), FM radio shows with DJ live on-screen (MOR), and public affairs programs. Every day, ABS-CBN's programming is broadcast worldwide through its agreements with dozens of cable companies' premium channels, telecom provider partnerships, Internet subscription services, and through its own 24-hour cable and satellite service, which offers pay-per-view programming. Defendant, through the sale of the Pirate Equipment, is directly and unfairly competing with ABS-CBN's economic interests in the State of Texas and causing ABS-CBN harm within this jurisdiction.

12. ABS-CBN relays direct signals from within the Philippines up to satellites in orbit above Earth. These signals are then broadcast back down to Earth. Thereafter, ABS-CBN's programming is received by authorized subscribers through the use of a private satellite dish connected to an indoor satellite box, which is then connected by a cable to a television monitor. This setup allows authorized subscribers to receive their ABS-CBN programming.

13. To prevent the unauthorized reception and use of ABS-CBN's broadcasts by individuals who have not paid for ABS-CBN's services, ABS-CBN employs encryption technology to digitally scramble the signal, making it unusable until it is descrambled. The satellite box is the component that makes descrambling possible. Every satellite box has a

conditional access subsystem built directly into it, which allows for the descrambling of ABS-CBN's content. Each paying customer receives a unique entitlement management message from the satellite feed, which allows the conditional access subsystem to descramble the signal. This equipment and technology is referred to herein as the "encryption technology," and constitutes ABS-CBN's technological access control measures for their copyrighted content and communications.

B. **Defendant's Illegal Acts**

14. Upon information and belief, Defendant has been engaged in a scheme to, without authorization, sell Pirate Equipment that retransmits ABS-CBN's programming to his customers as Pirate Services. Collectively, the devices, components, technology and equipment are referred to herein as the "Pirate Equipment."

15. Upon information and belief, in order to gain access to ABS-CBN's protected communications and copyrighted content, Defendant's Pirate Equipment is designed to illegally access ABS-CBN's live communications. This system allows for the circumvention of ABS-CBN's encryption technology and the reception, disclosure, and publication of ABS-CBN's protected communications and copyrighted content.

16. Upon information and belief, and at all times relevant hereto, the Defendant in this action has had full knowledge of the unauthorized nature of the Pirate Equipment and Pirate Services.

17. ABS-CBN's investigators have purchased such Pirate Equipment and Pirate Services from Defendant, which were shipped by Defendant from within this District to his cousin, Romula Araneta Castillo [a/k/a Jon Castillo], for the purpose of completing the sale of the Pirate Equipment and Services.

18. Upon information and belief, Defendant has used his Facebook.com social media page to advertise and promote the availability of the Pirate Equipment for sale by Defendant. Specifically, Defendant used his own personal Facebook.com account, under the name "Ace Alfaro."

19. Upon information and belief, Defendant is using ABS-CBN's copyrighted content in connection with the Pirate Equipment and Services at issue, thus increasing the value of his illegal distribution operation and decreasing the size and value of ABS-CBN's legitimate marketplace at ABS-CBN's expense.

20. Upon information and belief, Defendant is actively using, promoting, advertising, distributing, selling, and/or offering for sale substantial quantities of his Pirate Equipment and Services.

21. Upon information and belief, Defendant has engaged in this activity for profit, and for purposes of his own private financial gain and commercial advantage. Defendant has sold his Pirate Equipment and Services to consumers from within this District with specific knowledge and intent that such Pirate Equipment would be used to circumvent ABS-CBN's encryption technology, and would thereby allow the reception, publication, and divulgence of ABS-CBN's communications by persons who were neither paying for those Pirate Services nor authorized to receive those services, thus causing irreparable harm and damages to ABS-CBN.

22. Upon information and belief, Defendant distributed this Pirate Equipment and Services to persons from within this District knowing or having reason to know that such devices and equipment were designed to be used for the unauthorized reception of ABS-CBN's communications services via circumvention of ABS-CBN's encryption technology.

23. Upon information and belief, by using the Pirate Equipment sold by Defendant, an individual may circumvent ABS-CBN's encryption technology to view ABS-CBN's live programming, without paying the fee for such Pirate Services. If Defendant's above-described illegal activities are not preliminary and permanently enjoined by this Court, ABS-CBN will continue to be harmed.

24. Defendant is engaging in the above-described illegal activities knowingly and intentionally, or with reckless disregard or willful blindness to ABS-CBN's rights, for the purpose of trading on ABS-CBN's goodwill, reputation, and quality content. If Defendant's intentional illegal activities are not preliminarily and permanently enjoined by this Court, ABS-CBN and the consuming public will continue to be harmed.

25. ABS-CBN has no adequate remedy at law.

26. ABS-CBN is suffering irreparable injury and has suffered substantial damages as a result of Defendant's unauthorized and illegal activities. If Defendant's illegal activities are not preliminarily and permanently enjoined by this Court, ABS-CBN will continue to be harmed.

27. The injury and damages sustained by ABS-CBN have been directly and proximately caused by Defendant's wrongful and illegal behavior as described herein and the very existence of Defendant's illegal marketplace enterprise.

## V.  CAUSES OF ACTION

### 1.  Violations of 47 U.S.C. §§ 605(a) and (e)(4)

28. ABS-CBN hereby repeats and re-alleges the allegations of Paragraphs 1 through 27 as if fully set forth herein.

29. 47 U.S.C. § 605(a) prevents the unauthorized publication or divulgence of the existence, contents, substance, purport, effect, or meaning thereof, of any transmissions or

receptions, or assisting in such unauthorized publication or divulgence of transmissions or receptions, of various communications by radio or wire, such as the ABS-CBN communications at issue herein. 47 U.S.C. § 605(e)(4) further specifically prohibits the import, export, distribution, and/or sale of such devices.

30. Upon information and belief, Defendant publishes and/or divulges the contents of a protected communication to persons not permitted to receive such communications. Additionally, upon information and belief, Defendant has engaged in the modification, import, sale, and/or distribution of the Pirate Equipment, which is primarily intended to publish and divulge ABS-CBN's protected communications as Pirate Services to persons not intended to receive such communications. Defendant has engaged in these activities for his own commercial advantage and/or private financial gain, and with full knowledge of the primary nature of such Pirate Equipment and Pirate Services, as described above.

31. ABS-CBN's communications are protected from unauthorized theft and interception under 47 U.S.C. § 605(a).

32. ABS-CBN's programming signal is a private communication signal, which is not intended for the use of the general public.

33. Defendant's modification, importation, sale, and/or distribution of the Pirate Equipment – which is primarily intended to publish and divulge ABS-CBN's protected communications as Pirate Services to persons who are not intended to receive such communications via circumvention of ABS-CBN's encryption technology – are violations of 47 U.S.C. §§ 605(a) and (e)(4).

34. Defendant's violations of 47 U.S.C. §§ 605(a) and (e)(4) were performed without the permission, authorization, or consent of ABS-CBN, and were willful and for the purposes of

his own commercial advantage and/or private financial gain. Defendant's actions are unjustly enriching Defendant at ABS-CBN's expense.

35. ABS-CBN is a "person aggrieved" by the Defendant's violations of 47 U.S.C. § 605, and is authorized to prosecute this action under 47 U.S.C. § 605(e)(3)(A).

36. Defendant's violations of 47 U.S.C. §§ 605(a) and (e)(4) have injured ABS-CBN's ability to maximize the revenues it seeks to derive from its communications services, as ABS-CBN has been deprived the benefit of subscribers to its communications services.

37. ABS-CBN has sustained irreparable harm, injury, and monetary damages caused by Defendant's unlawful conduct, and absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

38 ABS-CBN is entitled to costs, reasonable attorneys' fees, actual damages suffered, profits obtained by Defendant attributed to his illegal conduct, and/or statutory damages for each violation of 47 U.S.C. §§ 605(a) and (e)(4).

### 2. Violations of Texas Civil Practice and Remedies Code § 134.002 (Texas Penal Code § 31.12)

39. ABS-CBN hereby repeats and re-alleges the allegations of Paragraphs 1 through 27 as if set fully herein.

40. Section 134.002 of the Texas Civil Practice and Remedies Code provides for a civil cause of action against one who violates Section 31.12 of the Texas Penal Code, which prevents the theft of communications services, and which is committed when an individual knowingly and without the authorization of the information services provider tampers with, modifies, or maintains a modification to an access device or uses that access device or any

unauthorized access device to obtain services from a multichannel video or information services provider.

41. Upon information and belief, Defendant has engaged in the sale, and/or distribution of Pirate Equipment intended by Defendant to be used for the unauthorized reception of ABS-CBN's communications services as Pirate Services.

42. Upon information and belief, Defendant has offered to sell, sold, and advertised the sale of the Pirate Equipment knowing or having reason to know that the devices and equipment were designed to be primarily used for the unauthorized reception of ABS-CBN's communications services as Pirate Services.

43. Upon information and belief, Defendant has engaged in the sale, distribution, and/or advertisement of Pirate Equipment and Pirate Services willfully and for purposes of his own commercial advantage and/or personal financial gain. Defendant's actions are unjustly enriching Defendant at ABS-CBN's expense.

44. Upon information and belief, the Pirate Equipment modified, and/or distributed by the Defendant is specifically designed to receive ABS-CBN's communications services without authorization, thereby permitting reception of ABS-CBN's copyrighted content without payment for services that would legitimately allow the user to access the copyrighted content.

45. ABS-CBN has not authorized or consented to the manufacturing, assembling, modifying, importing, exporting, marketing, selling, delivering, furnishing, shipping, renting, repairing, distributing, leasing, or use by Defendant of the aforementioned devices and equipment, nor has ABS-CBN authorized or consented to the interception or reception of its communications services without its authorization as Pirate Services.

46. Defendant's sale, distribution, and/or advertisement of Pirate Equipment and Pirate Services for the theft and unauthorized reception of ABS-CBN's communications services are violations of Section 31.12 of the Texas Penal Code. ABS-CBN is thus authorized to prosecute this action against the Defendant for his violations of Section 31.12 of the Texas Penal Code under Section 134.002 of the Texas Civil Practice and Remedies Code.

47. Defendant's violations of Section 31.12 of the Texas Penal Code have injured ABS-CBN's ability to maximize the revenues it seeks to derive from its communications services, as ABS-CBN has been deprived the benefit of subscribers to its communications services.

48. ABS-CBN has sustained irreparable harm, injury, and monetary damages caused by Defendant's conduct, and absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

49. ABS-CBN is entitled to actual damages suffered, and in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000.00 under Section 134.005 of the Texas Civil Practice and Remedies Code.

## VI.  PRAYER FOR RELIEF

50. WHEREFORE, ABS-CBN prays that this Court enter judgment in its favor and against Defendant as follows:

A. Declare that Defendant's (1) modification, importation, offering to the public, trafficking, sale, distribution, and/or possession of Pirate Equipment or Pirate Services, (2) unauthorized interception, reception, divulgence, and publication of ABS-CBN's electronic communications, and/or (3) assistance in the performance of such unauthorized actions, are

violations of 47 U.S.C. § 605 and Section 134.002 of the Texas Civil Practice and Remedies Code, which incorporates Section 31.12 of the Texas Penal Code;

   B. In accordance with 47 U.S.C. § 605(e)(3)(B)(i), order the impounding of any devices and/or equipment that are the subject of statutory violations and, under 47 U.S.C. § 605(e)(3)(B)(i), enter a temporary, preliminary, and permanent injunction enjoining Defendant and all persons in active concert or participation with him from: (1) manufacturing, modifying, trafficking in, possessing, importing, advertising or promoting, distributing, selling, or offering to sell illegal equipment or devices; (2) interfering with ABS-CBN's proprietary rights; (3) manufacturing, intercepting, receiving, divulging, publishing, or displaying ABS-CBN's entertainment content without prior written consent of ABS-CBN; and (4) acting in further violation of the above-described statutes;

   C. Award ABS-CBN statutory damages in the amount of $100,000.00 for each violation of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and 47 U.S.C. § 605(e)(3)(C)(ii); or alternatively, ABS-CBN requests judgment for actual damages, plus damages equal to any profits attributable to Defendant's violations of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I) and 47 U.S.C. § 605(e)(3)(C)(ii);

   D. Award ABS-CBN actual damages pursuant to Section 134.005(a)(1) of the Texas Civil Practice and Remedies Code, which incorporates Section 31.12 of the Texas Penal Code, and the additional $1,000 in statutory damages available to ABS-CBN under Section 134.005(a)(2) of the Texas Civil Practice and Remedies Code;

   E. Award ABS-CBN punitive or trebled damages provided by statutory law;

  F. Award ABS-CBN its costs, including reasonable attorneys' fees, and prejudgment and post-judgment interest at the maximum rates allowed by law; and

  G. Award any further relief as the Court may deem just and proper.


Dated: February 10, 2019

            Respectfully submitted,

            BY: s/Steven M. Abbott
              Steven M. Abbott
              State Bar No. 00797825
              Federal I.D. No. 9027
            Attorney-in-charge for Plaintiffs
            ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International
            510 Bering Drive, Suite 300
            Houston, Texas 77057
            Telephone: (713) 467-1669
            Facsimile:  (713) 467-4936
            E-mail: abbottsteven@hotmail.com