In the United States District Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| ABS-CBN Corporation, ABS-CBN Film Productions, Inc. dba Star Cinema and ABS-CBN International<br><br>  Plaintiffs<br><br>v.<br><br>Alberto Ace Mayol Alfaro,<br><br>  Defendant | § § § § § § § § § § § § | No. 4:20-cv-00453 |

## Defendant Alberto Alfaro's Original Answer

To the Honorable Court:

Defendant Alberto Alfaro answers Plaintiffs' Complaint.

1.

Alfaro denies having violated 47 U.S.C. § 605(a). He can neither admit nor deny whether he violated other laws— plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. dba Star Cinema and ABS-CBN International have not specified them. appear to complain upon first getting notice of the allegations in this case. Alfaro denies the rest of Paragraph One of ABS-CBN's Complaint.

2.

Alfaro can neither admit nor deny whether the devices, equipment and technology in question are illegal. Alfaro admits the rest of Paragraph Two of ABS-CBN's Complaint.

3.

Alfaro admits Paragraph Three of ABS-CBN's Complaint.

4.

Alfaro admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Alfaro can neither admit nor deny any other allegation in ABS-CBN's Complaint Paragraph Four.

5.

Alfaro admits Paragraph Five of ABS-CBN's Complaint.

6.

Alfaro can neither admit nor deny that this Court's assertion of jurisdiction does not offend traditional notions of fair play and due process. Alfaro admits the rest of Paragraph Six of ABS-CBN's Complaint.

7.

Alfaro can neither admit nor deny Paragraph Seven of ABS-CBN's Complaint.

8.

Alfaro can neither admit nor deny Paragraph Eight of ABS-CBN's Complaint.

9.

Alfaro admits Paragraph Nine of ABS-CBN's Complaint.

10.

Alfaro denies Paragraph 10 of ABS-CBN's Complaint.

11.

Alfaro denies Paragraph 11 of ABS-CBN's Complaint.

12.

Alfaro can neither admit nor deny Paragraph 12 of ABS-CBN's Complaint.

13.

Alfaro can neither admit nor deny Paragraph 13 of ABS-CBN's Complaint.

Defendant Alberto Alfaro's Original Answer
Page 4 of 12

14.

Alfaro denies Paragraph 14 of ABS-CBN's Complaint.

15.

Alfaro can neither admit nor deny Paragraph 15 of ABS-CBN's Complaint.

16.

Alfaro denies Paragraph 16 of ABS-CBN's Complaint.

17.

Alfaro can neither admit nor deny Paragraph 17 of ABS-CBN's Complaint.

18.

Alfaro admits Paragraph 18 of ABS-CBN's Complaint.

19.

Alfaro denies Paragraph 19 of ABS-CBN's Complaint.

20.

Alfaro denies Paragraph 20 of ABS-CBN's Complaint.

21.

Alfaro admits the first sentence of Paragraph 21 of ABS-CBN's Complaint and denies the second sentence.

22.

Alfaro denies Paragraph 22 of ABS-CBN's Complaint.

23.

Alfaro can neither admit nor deny the first sentence of Paragraph 23 of ABS-CBN's Complaint and denies the second sentence.

24.

Alfaro denies Paragraph 24 of ABS-CBN's Complaint.

25.

Alfaro denies Paragraph 25 of ABS-CBN's Complaint.

26.

Alfaro denies Paragraph 26 of ABS-CBN's Complaint.

27.

Alfaro can neither admit nor deny Paragraph 27 of ABS-CBN's Complaint.

28.

Alfaro renews his prior admissions, denials, and inabilities to either admit or deny in relation to Paragraph 28 of ABS-CBN's Complaint.

29.

Alfaro admits Paragraph 29 of ABS-CBN's Complaint.

30.

Alfaro can neither admit nor deny the first sentence of Paragraph 30 of ABS-CBN's Complaint. Alfaro denies the rest of Paragraph 30.

31.

Alfaro admits Paragraph 31 of ABS-CBN's Complaint.

32.

Alfaro admits Paragraph 32 of ABS-CBN's Complaint.

33.

Alfaro denies Paragraph 33 of ABS-CBN's Complaint.

34.

Alfaro denies Paragraph 34 of ABS-CBN's Complaint.

Defendant Alberto Alfaro's Original Answer
Page 7 of 12

35.

Alfaro denies Paragraph 35 of ABS-CBN's Complaint.

36.

Alfaro can neither admit nor deny Paragraph 36 of ABS-CBN's Complaint.

37.

Alfaro denies Paragraph 37 of ABS-CBN's Complaint.

38.

Alfaro denies Paragraph 38 of ABS-CBN's Complaint.

39.

Alfaro renews his prior admissions, denials, and inabilities to either admit or deny, in relation to Paragraph 39 of ABS-CBN's Complaint.

40.

Alfaro admits Paragraph 40 of ABS-CBN's Complaint.

41.

Alfaro denies Paragraph 41 of ABS-CBN's Complaint.

42.

Alfaro denies Paragraph 42 of ABS-CBN's Complaint.

43.

Alfaro denies Paragraph 43 of ABS-CBN's Complaint.

44.

Alfaro can neither admit nor deny Paragraph 44 of ABS-CBN's Complaint.

45.

Alfaro can neither admit nor deny Paragraph 45 of ABS-CBN's Complaint.

46.

Alfaro denies Paragraph 46 of ABS-CBN's Complaint.

47.

Alfaro can neither admit nor deny Paragraph 47 of ABS-CBN's Complaint.

48.

Alfaro denies Paragraph 48 of ABS-CBN's Complaint.

Defendant Alberto Alfaro's Original Answer
Page 9 of 12

### 49.

Alfaro denies Paragraph 49 of ABS-CBN's Complaint.

### 50.

Special Denial: Fraud or Mistake[1]

"An Internet Business That You Can Do from Home"

Alfaro accessed Pilipino television content through Edgie Rueda of Toronto, Ontario, Canada, the brother-in-law of a brother-in-law. Alfaro does not know but has no reason to doubt ABS-CBN's allegation that this content consisted of or included that which it had exclusive right to. He bought a box from Rueda that would connect a television set to the internet and paid him 120 U.S. dollars for six months of access to TVZON, a television content provider. Rueda told Alfaro— a househusband caring for his toddler daughter— that he, Rueda, was selling these and at least one similar service in his spare time and that it was a good second business that could be done on the internet from home. Alfaro ended up buying four more boxes from Rueda for resale, and Rueda said that he would hook Alfaro's customers up with a

---

[1] Fed. R. Civ. P 9(b)

content provider when Alfaro gave him the 60 U.S. dollars and a code number from the box. Alfaro talked up the business among his friends and posted it for his friends— not the general public— on his Facebook page. He ended up selling 16 boxes with service, with a markup of 10 U.S. dollars apiece for the boxes and 60 U.S. dollars for the first six months of the service in each case.

51.

A Request from a Stranger

Alfaro's cousin Jon Castillo from California wanted to be a reseller, too. Castillo had learned that the boxes were not customized- they could be bought from Amazon cheaper than from Alfaro by way of Rueda. A purported prospect texted or emailed Alfaro from California. Alfaro knew nothing about the person who sent the text; he was concerned that the person was an internet scammer and did not do business with him. When Alfaro had helped set up the relationship between Castillo and Rueda, Alfaro passed the questionable California lead to Castillo.

52.

Something Is Rotten in . . . Canada.

The Complaint in this case was Alfaro's first notice that whoever Rueda was using was not a legitimate supplier. There was no demand letter in this case. Alfaro immediately stopped doing business and took down all internet solicitations. He had no tortious or criminal intent. He trusted Rueda and was mistaken or defrauded about the legitimacy of what he was helping to sell.

Wherefore, Defendant Alberto Alfaro prays that the plaintiffs take nothing and that he be allowed to go hence without day and for general relief.

Respectfully submitted,

Bob Mabry Attorney at Law PLLC
704 North Thompson Street, Suite 157
Conroe, Texas 77301-2578
(936) 494-1393
Fax: 1-866-397-3113
State Bar No. 12750980
mabry.bob@gmail.com
Attorney for Alberto Alfaro

Bob Mabry
For the Firm

## CERTIFICATE OF SERVICE

On March 27, 2020, I served a true copy of the document above on Steven M. Abbott by Southern District of Texas CM/ECF.

Bob Mabry