IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ABS-CBN CORPORATION, et al.** | § § § | |
| **Plaintiffs,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 4:20-cv-00453** |
| **ALBERTO ACE MAYOL ALFARO,** | § § § | |
| **Defendant.** | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties [Dkt. 4] and Federal Rule of Civil Procedure 26(f), plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "Plaintiffs" or "ABS-CBN"), and defendant Alberto Ace Mayol Alfaro a/k/a Ace Alfaro ("Defendant" or "Alfaro") file this Joint Discovery/Case Management Plan ("Plan"), and would respectfully show the Court as follows:

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

Steven M. Abbott, counsel for Plaintiffs, and Bob Mabry, counsel for Defendant, conferred by telephone on Thursday, April 9, 2020 (beginning at 1:47 p.m.) and again on Thursday, April 16, 2020 (beginning at 3:00 p.m.).

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

1

ABS-CBN Corporation, et al. v. Romula Araneta Castillo, Civil Action No. 2:20-cv-01338, in the United States District Court for the Central District of California.

3.  **Briefly describe what the case is about.**

This is an action for the unauthorized use and publication of communications services in violation of 47 U.S.C. § 605(a) ("Federal Claim"), and Section 134.002 of the Texas Civil Practice & Remedies Code, which incorporates Section 31.12 of the Texas Penal Code ("State Claim"). In short, Plaintiffs allege that Defendant is engaged in a scheme to, among other things, promote and sell modified and/or illegal devices and equipment for the unlawful purpose of capturing ABS-CBN's communications of television programming and rebroadcasting such programming, without ABS-CBN's authorization, to customers who purchase these devices and equipment to unlawfully access ABS-CBN's programming from Defendant.

In defense, Defendant alleges that he did not know that the access that he was selling was unauthorized, and that the physical equipment that he sold was over-the-counter internet-computer interface boxes that are in themselves wholly legal..

4.  **Specify the allegation of federal jurisdiction.**

This Court has subject matter jurisdiction over the Federal Claim under 28 U.S.C. § 1331 and 47 U.S.C. § 605(e)(3)(A), and supplemental jurisdiction over the State Claim under 28 U.S.C. § 1367.

5.  **Name the parties who disagree and the reasons.**

No disagreement.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None presently.

7.  **List anticipated interventions.**

None.

**8.    Describe class-action issues.**

None.

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to make their initial disclosures by April 30, 2020.

**10.   Describe the proposed agreed discovery plan, including:**

    **A.    Responses to all the matters raised in Rule 26(f).**

<u>See</u> Response to No. 9.

    **B.    When and to whom the plaintiffs anticipates they may send interrogatories.**

At this time, Plaintiffs anticipate sending interrogatories to Defendant by May 15, 2020.

    **C.    When and to whom the defendant anticipates he may send interrogatories.**

At this time, Defendant anticipates sending interrogatories to the plaintiffs shortly after the Initial Pretrial and Scheduling Conference.

    **D.    Of whom and by when the plaintiffs anticipate taking oral depositions.**

At this time (and depending on the restrictions imposed in light of the COVID-19 pandemic), Plaintiffs anticipate taking the oral depositions of the Defendant, and possibly of Romula Araneta Castillo ("Castillo"), the investigator(s) who communicated with Defendant and Castillo, and the Defendant's supplier(s), by December 31, 2020.

    **E.    Of whom and by whom the defendant anticipates taking oral depositions.**

At this time (and depending on the restrictions imposed in light of the COVID-19 pandemic), Defendant anticipates taking the oral deposition of the Plaintiffs' investigator by August 31, 2020.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

By September 30, 2020 and November 27, 2020, respectively.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

At this time, Plaintiffs do not anticipate taking any expert depositions. However, if Defendant designates any experts, Plaintiffs would anticipate taking their oral depositions by February 10, 2021.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

At this time, Defendant does not anticipate taking any expert depositions. However, if Plaintiffs designates any experts, Defendant would anticipate taking their oral depositions by February 10, 2021.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

No disagreement at this time.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.   State the date the planned discovery can be reasonably completed.**

February 10, 2021

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibilities for a prompt settlement. Defendant's counsel made a settlement proposal, which Plaintiffs' undersigned counsel has forwarded to Plaintiffs' outside general counsel for review.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

See Response to No. 14.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that mediation would be suitable after the completion of discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties= joint position on a trial before a magistrate judge.**

The parties do not want to have a trial before a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

No jury demand was made.

19. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiffs anticipate that it will take twenty (20) hours to present their evidence in this case. Defendant anticipates that it will take six (6) hours to present his evidence in this case. Accordingly the parties anticipate that it will take twenty-six (26) hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions.

21. **List other motions pending.**

5

<u>See</u> Response to No. 20.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

There are no such matters, other than that Defendant's counsel has vacation plans for May 16, 2020 through May 31, 2020, and June 6, 2020 through June 21, 2020.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiffs filed their Disclosure Statement [Dkt. 2] on February 10, 2020, and their Certificate of Interested Parties [Dkt. 6] on February 12, 2020.

Defendant filed both his Disclosure Statement [Dkt. 9] and his Amended Disclosure Statement [Dkt. 10] on April 20, 2020.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

A. For Plaintiffs:

Steven M. Abbott
State Bar No. 00797825
Federal I.D. No. 9027
510 Bering Drive, Suite 300
Houston, Texas 77057
Telephone: (713) 467-1669
Facsimile: (713) 467-4936
E-mail: abbottsteven@hotmail.com

B. For Defendant:

Bob Mabry
Bob Mabry Attorney at Law PLLC
State Bar No. 12750980
704 North Thompson Street, Suite 157
Conroe, Texas 77301-2578
Telephone: (936) 494-1393
Facsimile: 1-866-397-3113
Email: mabry.bob@gmail.com

**Counsel for Plaintiffs;** s/Steven M. Abbott       **Date:** April 20, 2020

**Counsel for Defendant:** s/Bob Mabry       **Date:** April 20, 2020